UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

JAYDEN LANCE COPE

CASE NO. 3:24-cr-254-MMH-LLL
18 U.S.C. §§ 371
and 922(a)(1)(A)

## INFORMATION

The United States charges:

### COUNT ONE
**(Conspiracy to Deal Firearms Without a License)**

Beginning no later than June 12, 2024, and continuing through on or about August 2, 2024, in the Middle District of Florida, the defendant,

JAYDEN LANCE COPE,

did knowingly and willfully conspire with others known and unknown to the United States, to commit offenses against the United States, specifically, willfully engaging in the business of dealing in firearms while not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code.

It was part of the conspiracy that the defendant would obtain firearms from a co-conspirator and then sell those firearms to others without a license.

In furtherance of the conspiracy and to carry out its objectives, the following overt acts were committed by the defendant and others known and

unknown to the United States:

1. A co-conspirator would communicate with prospective buyers and arrange to sell firearms to them.
2. A co-conspirator sent images of firearms for sale to a prospective buyer.
3. The defendant and a co-conspirator would sell the firearms to the buyer(s), with the co-conspirator receiving the money from the buyer(s).
4. On June 28, 2024, and July 17, 2024, a co-conspirator told a buyer he had multiple sources of supply for the firearms he was selling.
5. The defendant also told a buyer that he had a source of supply he could buy guns from.
6. On or about July 17, 2024, a co-conspirator told a buyer that he would reach out to his sources of supply for firearms, which he and the defendant would then resell.

In violation of 18 U.S.C. §§ 371, 922(a)(1)(A), 923(a), and 924(a)(1)(D).

## FORFEITURE

1.  The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

2.	Upon conviction of a conspiracy to violate 18 U.S.C. § 922, in violation of 18 U.S.C. § 371, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the violation.

3.	If any of the property described above, as a result of any act or omission of the defendant:

    a.	cannot be located upon the exercise of due diligence;

    b.	has been transferred or sold to, or deposited with, a third party;

    c.	has been placed beyond the jurisdiction of the court;

    d.	has been substantially diminished in value; or

    e.	has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

                                                ROGER B. HANDBERG
                                                United States Attorney

By: _____
      ELISIBETH ADAMS
      Assistant United States Attorney

By: _____
      MICHAEL COOLICAN
      Assistant United States Attorney
      Deputy Chief, Jacksonville Division